Battle, J.
 

 The case of
 
 Betts
 
 v.
 
 Franklin,
 
 4 Dev. and Bat. Rep. 465, is a direct authority in support of the order of the Superior Court dismissing the
 
 certiorari.
 
 In that case, the parties to a
 
 ca. sa.
 
 bond, conditioned for the appearance of the principal obligor in the county court, to take the benefit of the act for the relief of insolvent debtors, were called,
 
 *234
 
 and failing to appeal’, judgment -was entered against them, and it was held that the sureties were not, upon the allegation of having been prevented, by the fraud of the plaintiff’s agent, from making a surrender of their principal in discharge of themselves, entitled to the writ of certiorari, to enable them to make it in the superior court. That case was a stronger one in favor of the applicants for the cerUora/ri, than the present, because the failure of the principal obligor to attend and surrender himself, or be surrendered by his sureties, was alleged to have been caused by the fraudulent conduct of the plaintiff’s agent; and this Court intimated that the county court might, possibly, in such a case, be authorised to give relief by vacating the judgment. But in the present case, where the principal was prevented from attending the County Court by sickness, no such relief can be given. Sickness of the principal obligor may be such as to excuse his non-attendance, and furnish a good cause for the continuance of the suit; but if he and his surety neglect to have the suit continued, and a judgment be regularly entered up against them, on account of the failure of the principal obligor to appear, it cannot be vacated at a subsequent term.— Such was the decision of this Court in the recent case of
 
 Osborne
 
 v. Toomer, 6 Jones’ Rep. 440, in which it appeared that both the principal and his surety were sick and unable, on that account, to attend the term of the court, at which the judgment was rendered. "We admit that the present may be a hard case, and so said the Court, was that of
 
 Osborne
 
 v.
 
 Toomer.
 
 But, “ however hard the case may be, the Court does not perceive any ground, on which the surety can be relieved. The extreme sickness of the principal at the time would have excused his non-appearance, and entitled him and his surety to a continuance under the 10th section of the statute, if that had appeared to the Court; (see Rev. Code, chap. 59, sec. 10). But that was not made to appear, and, therefore, the Court could not properly have continued it. That was the fault of the party; for although the sickness might have excused the debtor for not appearing, and the surety for not
 
 *235
 
 bringing him in, yet, it furnished no reason for not appearing-by attorney, and showing, by witnesses, their inability to attend in person. They might, in that manner, have shown their right to a continuancé, and having failed in that, there is now no help for him.”
 

 Per Curiam,
 

 Judgment affirmed.